IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

       Plaintiff,                                                   No. 6:18-CR-00135-MC

       v.

                                                             OPINION AND ORDER

**JORGE MARCUS RUBIO,**

       Defendant.

_____

**MCSHANE, Judge**:

      Defendant Jorge Marcus Rubio moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mot. Reduce Sent. 1, ECF No. 94. Because Mr. Rubio failed to demonstrate extraordinary and compelling reasons justifying compassionate release, and failed to demonstrate he is not a danger to the community, his motion is DENIED.

## **LEGAL STANDARD**

      Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies. The Court may reduce a defendant's sentence after considering the applicable section 3553(a) factors if:

      (i) extraordinary and compelling reasons warrant such a reduction; or

      (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

1 – OPINION AND ORDER

>(iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Congress intended that the Sentencing Commission ultimately define "extraordinary and compelling reasons" through issued policy statements. *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). But "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802. While U.S.S.G. § 1B1.13 is non-binding, the Sentencing Commission statements therein "may inform a district court's discretion" regarding defendant-filed compassionate release motions. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). U.S.S.G. § 1B1.13(2) advises courts against reducing the sentences of defendants who would endanger the community. *See United States v. Blick*, No. CR17-0216-JCC, 2021 WL 1313110, at *1 (W.D. Wash Apr. 8, 2021) (concluding that consideration of the guideline statement is appropriate when considering a motion for compassionate release).

## DISCUSSION

The Court sentenced Mr. Rubio to a total of 121 months. J. 1-2, ECF No. 90. He received 37 months for one count of Interference with Commerce by Robbery and 84 months for one count of Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence. *Id*. Mr. Rubio has served 66 months of his sentence and has a projected release date of June 29, 2026. Def.'s Mot. 1. He now requests compassionate release from Bureau of Prisons (BOP) custody at FCI Elkton in Beaumont, Ohio. *Id.*

The primary criterion for granting compassionate release is the existence of an extraordinary and compelling reason; Mr. Rubio failed to meet this burden. Mr. Rubio is 41 years old and suffers from Graves' disease, heart issues, a shoulder injury, dwindling eyesight, and

periodic seizures. Def.'s Mot. Ex. B, at 33, ECF No. 94. While these health concerns are serious, they are not enough to meet the bar of extraordinary and compelling circumstances. Notably, this Court considered Mr. Rubio's existing health concerns and the COVID-19 pandemic at the time of his sentencing. Tr.14, ECF No. 93. The Court considered that Mr. Rubio was "serving a much more restrictive sentence than what I would normally sentence you to because of the pandemic." *Id.* at 13. As a result, the Court sentenced Mr. Rubio to the low end of the sentencing guideline range for one count. *Id.* at 14 (noting that "primarily because of [Mr. Rubio's medical history and isolation from the pandemic] I will sentence you to the low end of the guidelines"). Mr. Rubio's allegations of insufficient medical care fail to meet the standard for compassionate release as the BOP continues to treat Mr. Rubio's Graves' disease with medication. Gov.'s Resp. to Def's Mot. 8, ECF No. 96. The circumstances of Mr. Rubio's health have not worsened since his sentencing to such a remarkable degree that it would warrant compassionate release.[1]

Mr. Rubio also claims the COVID-19 pandemic puts him at great risk while incarcerated. Def.'s Mot. 5. However, in most cases, general health risks associated with COVID-19 are not extraordinary and compelling reasons for compassionate release. *E.g.*, *United States v. Rennie*, No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021) (citing Ninth Circuit cases holding the same). And the threat of COVID-19 is less dire now than it was at the time of Mr. Rubio's sentencing. *See generally Bill Signed: H.J.Res. 7*, THE WHITE HOUSE, http://www.whitehouse.gov/briefing-room/legislation/2023/04/10/bill-signed-h-j-res-7/ (Apr. 10, 2023) (ending the COVID-19 pandemic national emergency). Mr. Rubio is incarcerated at FCI Elkton, which currently has one inmate actively diagnosed with COVID-19 out of its roughly 2,000-person population. *See BOP COVID-19 Statistics*, FEDERAL BUREAU OF PRISONS,

---

[1] The Court points out that despite suffering from the same medical conditions, Mr. Rubio orchestrated numerous violent armed robberies leading to his 121 month sentence.

3 – OPINION AND ORDER

http://www.bop.gov/coronavirus/covid19_statistics.html (last visited May 31, 2023). Mr. Rubio has failed to demonstrate how the threat of COVID-19 is an extraordinary and compelling reason for his release.

Even if the Court were to find extraordinary and compelling reasons, it would still deny Mr. Rubio's motion. The nature of his offenses is serious. Mr. Rubio was convicted of (1) Interference with Commerce by Robbery and (2) Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence. J. 1-2, ECF No. 90. The Government convincingly underscores that though Mr. Rubio did not physically execute the robberies, he was aware of and complicit in their violent nature. Gov.'s Resp. to Def's Mot. 11. While the Court will not belabor this point, the injuries sustained by the victim in one of a series of armed and violent robberies involving Mr. Rubio could have easily resulted in death. Mr. Rubio's sentence of 121 months in prison is already on the low end of advisory guideline range of 121-130 months. Tr.14, ECF No. 93. Reducing Mr. Rubio's sentence nearly in half would undermine the seriousness of the offenses, respect for the law, and any afforded deterrence.

While the Court acknowledges that U.S.S.G. § 1B1.13 is not binding, Mr. Rubio's failure to show he is no longer a danger to the community correctly informs the Court's decision. Although his criminal history, starting in 2006, is relatively minor, it is clear his criminal thinking was not deterred by numerous arrests. If anything, it only progressed and he became more violent as he got older. Present. Invest. Rep. 12, ECF No. 88. Mr. Rubio points to his participation in available BOP programs and enrollment in a Residential Drug and Alcohol Program as examples of his rehabilitation. Def.'s Mot. 9. While the Court commends Mr. Rubio on his efforts to better himself, it does not mitigate his role in a series of violent acts. The Court finds that Mr. Rubio, and the

community, will benefit from his continued treatment under the services offered by the BOP for the remainder of his sentence.

## **CONCLUSION**

Mr. Rubio's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of June, 2023.

                                        **/s/ Michael McShane**
                                        Michael J. McShane
                                        United States District Judge